UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD E. CLARK; and STACY L.
CLARK,

    Plaintiffs,

v.                                                Case No. 6:18-cv-780-Orl-37LRH

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____

## ORDER

In this insurance coverage dispute, Defendant Rockhill Insurance Company moves for summary judgment. (Doc. 104 ("**Motion**").) Plaintiffs Donald E. Clark and Stacy L. Clark responded. (Doc. 117.) On review, the Motion is denied.

### I.    BACKGROUND[1]

Plaintiffs operate and reside at the Sandman Motel ("**Motel**") in Mims, Florida. (Doc. 96-1, p. 120; Doc. 108-1, ¶¶ 2, 3.) Defendant insured the Motel from June 30, 2016 to June 30, 2017. (Doc. 96-1, p. 120.) Around June 29, 2017, there was a water backup and overflow at the Motel, resulting in water damage to Plaintiffs' personal bedroom and two guest rooms. (Doc. 108-1, ¶¶ 4, 5.) That same day, Plaintiffs reported a claim for this water

---

[1] The facts recited here may not be the "actual" facts of the case. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). Rather, they reflect Plaintiffs' "best case"—the Court must consider the facts in the light most favorable to Plaintiffs as the nonmoving party. *See Robinson v. Arrugueta*, 415 F.3d 1252, 1257 (11th Cir. 2005); *see also Walker v. City of Riviera Beach*, 212 F. App'x 835, 837 (11th Cir. 2006).

-1-

damage to Defendant, and Ashley Manning, Defendant's employee,[2] called Plaintiffs to discuss the claim.[3] (*Id.* ¶ 6; Doc. 100-1, ¶¶ 1, 6.) Ms. Manning and Plaintiffs disagree on the content of this call. Ms. Manning says Plaintiffs told her "they had experienced a number of issues from collapsed iron pipes causing water backups, which had been ongoing for seven (7) to eight (8) months or probably closer to ten (10) months." (Doc. 100-1, ¶ 6; *see also* Doc. 98-1, p. 21:10–16.) Plaintiff Donald Clark denies saying this to either Ms. Manning or any representative of Defendant. (Doc. 108-1, ¶ 14.) Rather, during the call, Mr. Clark acknowledged he had been experiencing plumbing issues at the Motel in the previous seven or ten months, such as "slow drains, smells, and an occasional toilet clog." (*Id.* ¶ 15.) He alleges that these issues were not what caused the June 2017 water damage. (*Id.*)

After this call, Ms. Manning hired an independent adjuster to address Plaintiffs' claim. (Doc. 98-1, p. 12:2–4.) Worley Claim Services sent John Prescod to inspect the claim on July 7, 2017. (*Id.* at 31:7–10; Doc. 108-1, ¶ 10.) Mr. Clark showed Mr. Prescod the areas where water came up, the damage, the drain system, and the corroded pipes. (Doc. 97-1, pp. 20:13–21:11.) He told Mr. Prescod that he had "tried to clear the blocks, and repeatedly over a period of time he'd tried to clear it and it persisted." (*Id.* at 20:11–13.) Mr. Prescod couldn't determine the exact duration of Plaintiffs' water backup issues but based on what Mr. Clark said, he thought backups were an ongoing situation, maybe a year or two,

---

[2] Ms. Manning works for State Auto Insurance Company, but State Auto Insurance Company owns Defendant Rockhill Insurance Company. (Doc. 100-1, ¶¶ 1, 4.)

[3] Although Manning identifies June 29, 2019 as the day she called Plaintiffs, the timeline reveals the date was June 29, 2017. (*See* Doc. 100-1, ¶ 6.)

at least longer than three weeks. (*Id.* at 39:4–40:5.) Following the inspection, Mr. Prescod prepared a report with photographs for Defendant. (*Id.* at 8:1–4.)

Defendant denied Plaintiffs' claim on October 3, 2017. (Doc. 96-4, p. 198.) According to the letter denying the claim, Plaintiffs' policy "covers damage due to direct, physical loss unless specifically excluded or limited" and Plaintiffs' loss was "a combination of collapsed cast iron pipes, corroded pipes, and blocked pipes that caused water to back-up into the building over the course of numerous months." (*Id.*) Defendant stated this damage was "due to a combination of wear, tear, age, and deterioration and lack of proper maintenance," which is not covered by the policy. (*Id.*) The letter also included a portion of Plaintiffs' insurance policy which requires that the insured give "prompt notice of the loss or damage." (*Id.* at 199.)

After their claim was denied, Plaintiffs sued Defendant in state court for breach of contract, alleging that Defendant failed to pay for damages to the Motel under the insurance policy. (Doc. 12.) Defendant removed the case here (Doc. 1) and moved for summary judgment (Doc. 104). With Plaintiff's response (Doc. 117), the Motion is ripe.

## II.  LEGAL STANDARDS

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As to issues for which the movant would bear the burden of proof at trial, it must affirmatively show the absence of a genuine issue of material fact and support its motion with credible evidence demonstrating that no reasonable jury could find for the nonmoving party on all of the

essential elements of its case. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (citing *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991)).

As to issues for which the nonmovant would bear the burden of proof at trial, the movant has two options: (1) it may simply point out an absence of evidence to support the nonmoving party's case; or (2) it may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Four Parcels*, 941 F.2d at 1438 (citing *Celotex Corp.*, 477 U.S. at 331). "The burden then shifts to the non-moving party, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick*, 2 F.3d at 1115–17).

"A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251–52 (1986)). A court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the nonmovant, *Battle v. Board of Regents for Georgia*, 468 F.3d 755, 759 (11th Cir. 2006), such that "when conflicts arise between the facts evidenced by the parties, [the court] credit[s] the nonmoving party's *version*," *Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005). However, the "court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are implausible." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citations and internal quotations omitted). "[M]ere conclusions and unsupported factual

allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citation omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.   ANALYSIS

Defendant argues it is entitled to summary judgment because: (1) Plaintiffs did not provide prompt notice of their claim as the policy requires; and (2) Plaintiffs cannot rebut the presumption of prejudice that arises from untimely notice. (Doc. 104.) Plaintiffs respond: (1) these are factual issues that preclude summary judgment; (2) they did provide prompt notice; and (3) even if they did not provide prompt notice, Defendant was not prejudiced. (Doc. 117.) On review, the Court agrees with Plaintiffs that there are factual issues precluding summary judgment.

Under Florida law, "[t]he failure of an insured to give a timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy." *Ideal Mut. Ins. Co. v. Waldrep*, 400 So. 2d 782, 785 (Fla. 3d DCA 1981). In some instances, when the record is undisputed, notice can be deemed untimely as a matter of law. *See, e.g.*, *Ideal Mut. Ins. Co. v. Waldrep*, 400 So. 2d 782, 785–86 (Fla. 3d DCA 1981); *1500 Coral Towers Condo. Ass'n, Inc. v. Citizens Prop. Ins. Corp.*, 112 So. 3d 541, 543 (Fla. 3d DCA 2013). But prompt notice is typically a question of fact for the jury as it requires determining reasonableness given the facts and circumstances. *See Yacht Club on the*

*Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 879 (11th Cir. 2015)[4]; *Hendry v. Grange Mut. Cas. Co.*, 372 F.2d 222, 226 (5th Cir. 1967).[5]

Defendant argues notice was untimely as a matter of law because there is no dispute that Plaintiffs knew about the water backups at the Motel for at least seven to ten months before informing Defendant. (Doc. 104, pp. 8–10.) Not so. Defendant bases its untimely notice allegation on Mr. Clark's phone call with Ms. Manning and Mr. Clark's conversation with Mr. Prescod during the inspection. (*Id.* at 2–4.) Ms. Manning said Plaintiffs told her they had experienced issues causing water backups for seven to ten months. (Doc. 100-1, ¶ 6.) And Mr. Prescod said Mr. Clark told him Plaintiffs had been trying to clear "blocks" over time, but the "blocks" persisted. (Doc. 97-1, 20:11–13.) Yet Mr. Clark explained these conversations were about other plumbing issues unrelated to the June 2017 loss. (Doc. 108-1, ¶¶ 14, 15.) Further, Mr. Clark reported the June 2017 loss as soon as it happened. (*Id.* ¶¶ 4, 6.) Defendant also points to Mr. Prescod's inability to determine when the loss occurred (Doc. 104, p. 3), but this uncertainty only further emphasizes that untimely notice cannot be determined as a matter of law. (*See* Doc. 97-1, 39:4–40:5.) As there is a genuine dispute of fact regarding when Plaintiffs gave notice of the damage at issue, Defendant is not entitled to summary judgment based on Plaintiff's failure to provide prompt notice. *See Yacht Club*, 599 F. App'x at 879 (explaining that

---

[4] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

[5] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

notice is a question for the court only when the facts are undisputed and different inferences cannot reasonably be drawn from them).

Even if Plaintiffs had waited seven to ten months before notifying Defendant about the damage at issue, that would not, by itself, prove notice wasn't prompt. Rather, "there is no bright-line rule under Florida law setting forth a particular period of time beyond which notice cannot be considered prompt." *Yacht Club*, 599 F. App'x at 879 (internal quotation marks and citation omitted). Although Defendant points to cases finding delays shorter than ten months untimely (*see* Doc. 104, p. 10), the U.S. Court of Appeals for the Eleventh Circuit explained notice can be considered "prompt" even after years have passed. *See Yacht Club*, 599 F. App'x at 879. Thus, even if the Court assumes Plaintiffs did not provide notice for seven to ten months, Defendant has not shown that delay is unreasonable under the circumstances. (*See* Doc. 104, p. 9–10); *see also Yacht Club*, 599 F. App'x at 879. Defendant's conclusion that "[u]nder the facts and circumstances of this case, the 7-10 month delay . . . is unreasonable" (*see* Doc. 104, p. 10), without more, is insufficient to warrant summary judgment. S*ee Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co*, 674 F. Supp. 2d 1333, 1338–39 (denying summary judgment on untimely notice where there was no dispute when the insured gave notice but there were questions of fact regarding the surrounding circumstances).

Defendant also argues it should receive a presumption of prejudice from untimely notice and Plaintiffs would be unable to overcome it. (Doc. 104, pp. 10–14.) A plaintiff's failure to provide prompt notice creates a presumption of prejudice to the insurer. *Mount Vernon Fire Ins. Co. v. Editorial Am., S.A.*, 374 So. 2d 1072, 1074 (Fla. 3d DCA 1979). But,

the Court only reaches this presumption after it determines that notice was untimely. *See LoBello v. State Farm Fla. Ins. Co.*, 152 So. 3d 595, 599 (Fla. 2d DCA 2014). As there is a genuine dispute of fact on whether Plaintiffs' notice was prompt, the Court need not address this argument. *See id.* So the Motion is denied. *See Vision I Homeowners Ass'n, Inc.*, 674 F. Supp. 2d at 1338–39; *Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co.*, No. 6:07-cv-326-Orl-DAB, 2009 WL 1513400, at *7 (M.D. Fla. May 27, 2009).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Rockhill Insurance Company's Motion for Summary Judgment (Doc. 104) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 25, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record