UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD E. CLARK; and STACY L. CLARK,

    Plaintiffs,

v.                                         Case No. 6:18-cv-780-Orl-37LRH

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____

## ORDER

Before the Court is Defendant Rockhill Insurance Company's objection to United States Magistrate Judge Leslie R. Hoffman's July 25, 2019 order (Doc. 90 ("**Order**")). (Doc. 95 ("**Objection**").)[1] Plaintiffs responded. (Doc. 107.) On review, the Objection is due to overruled.

### I.     BACKGROUND

Plaintiffs moved to compel better responses to its discovery requests (Doc. 63) and for sanctions against Defendant (Doc. 67). Defendant responded (Docs. 71, 73) and Plaintiffs replied (Docs. 77, 79). U.S. Magistrate Judge Hoffman held a hearing on the motions (Doc. 88), which was followed by the Order (Doc. 90). U.S. Magistrate Judge Hoffman found that Defendant had eventually produced most of the requested

---

[1] The Objection is titled as a motion for reconsideration but cites to Federal Rule of Civil Procedure 72(a) which permits objections to non-dispositive orders by a magistrate judge. (*See* Doc. 95, p. 1.) So the "motion for reconsideration" will be construed as an objection.

discovery, but only after Plaintiffs' motion to compel and up to the day before the hearing. (Doc. 90, p. 2; *see also* Doc. 88.) For this delay and the impact on Plaintiffs' ability to conduct depositions, Defendant was ordered to pay $1,500.00 in attorney's fees caused by having to bring the motion to compel. (Doc. 90, p. 3; *see also* Doc. 88.) As to the motion for sanctions, U.S. Magistrate Judge Hoffman found that Defendant's conduct warranted the following: an opportunity for Plaintiffs to re-take two depositions and for attorney's fees incurred by the missed depositions and the filing of a motion for sanctions. (Doc. 90, pp. 3–4.) Plaintiffs then filed documents in support of their attorney's fees. (Doc. 91.) Defendant was given an opportunity to respond (Doc. 92) but didn't and instead objected to the Order (Doc. 95). With Plaintiff's response (Doc. 107), the matter is ripe.

## II. LEGAL STANDARDS

A party may seek review of a magistrate judge's ruling on a non-dispositive matter by serving and filing objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(a). A non-dispositive matter does not dispose of any party's claim or defense. *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir.2007). If a proper objection is made, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011) (noting that under Rule 72(a), "in order to prevail, [the party who makes the objection] must establish that the order is clearly erroneous or contrary to law."). A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, (1948). A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (*citing Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

## III. ANALYSIS

Defendant objects to the Order for the following reasons: (1) sanctions are inappropriate since Plaintiffs incurred costs knowing the depositions wouldn't take place; (2) Plaintiffs should have been required to demonstrate reasonable fees under Federal Rule of Civil Procedure 37(a)(5)(A); (3) the Court should reconsider granting the motion for sanctions; and (4) Plaintiffs didn't proffer support for the amount awarded as sanctions for the motion to compel. (Doc. 95.) Defendant doth protest too much.

### A. Motion to Compel

Defendant argues U.S. Magistrate Judge Hoffman erred in awarding Plaintiffs $1,500.00 in attorney's fees and costs in bringing the motion to compel because Plaintiffs did not produce records in support of this fee amount. (Doc. 95, pp. 10–11.) U.S. Magistrate Judge Hoffman made it clear at the hearing that given the quickly approaching deadlines in the case, she was not inclined to require extensive briefing on the fees. (*See* Doc. 88.) Instead, she awarded $1,500.00 in fees and ordered Plaintiffs to later show support, which they did. (Doc. 91.) She gave Defendant an opportunity to object, which it didn't. (*See* Doc. 92.) Now, Defendant seeks to take advantage of her efficiency by objecting to the Order and alleging that the amount is unsupported, despite

all evidence and opportunity to the contrary. (*See* Doc. 95, pp. 10–11.) This conduct (along with the record in this case) does not help to dispel suspicions that Defendant is engaged in delay tactics. (*See* Doc. 88.) U.S. Magistrate Judge Hoffman did not have the opportunity to address Defendant's objection to the reasonableness of the fees and the Court need not consider new arguments that weren't raised before the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (noting that district courts have discretion to consider newly raised arguments because "to require a district court to consider evidence not previously presented to the magistrate judge would . . . not help to relieve the workload of the district court. System efficiencies would be frustrated . . . ." (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000))). Defendant's argument is unavailing.

### B. Motion for Sanctions

Similar to its arguments for attorney's fees for the motion to compel, Defendant again argues that Plaintiffs should have been required to show their reasonable fees for the motion for sanctions, and again the Court points to Plaintiffs' filing of these documents and Defendants' failure to object. (*See* Doc. 95, pp. 8–9; Docs. 91, 92.) Defendant also claims sanctions are inappropriate here because Plaintiffs knew the depositions would not occur, so any costs associated with their re-scheduling shouldn't be borne by Defendant. (Doc. 95, pp. 6–8.) What Defendant fails to mention is that these depositions were ordered by the Court to take place on a specific date. (*See* Doc. 57, pp. 4–5.) As U.S. Magistrate Judge Hoffman explained at the hearing, these dates were mandatory. (*See* Doc. 88.) Yet in direct contradiction to the Court's order, Defendant

unilaterally moved the depositions. (*See id.*) Despite the defiance of the Court's order, Defendant says it shouldn't have to pay. In support, Defendant cites three cases that are inapposite. (Doc. 95, pp. 6–7.) In all the cases, the court declined to award monetary sanctions where the parties were unable to come to agreement on scheduling depositions. *See Iguana, LLC v. Lanham*, No. 7:08-CV-9 (CDL), 2011 WL 5154062 (M.D. Ga. Oct. 28, 2011); *Chavez v. Arancedo*, No. 17-20003-Civ-TORRES, 2017 WL 3025841 (S.D. Fla. July 17, 2017); *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV, 2009 WL 113456 (S.D. Fla. Jan. 19, 2009). But unlike here, none of the cases had a court-ordered schedule for depositions. *See id.* The gall of Defendant in this case is impressive. Not only did Defendant disobey an unequivocal court order, but it seeks to place the blame on Plaintiffs for costs accumulated in seeking to comply with the order. U.S. Magistrate Judge Hoffman was well within her discretion to impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(C) for failure to comply with a court order. The Defendant is fortunate the sanctions weren't more severe. The Order stands and the Objection is overruled.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Rockhill Insurance Company's Motion for Rehearing and/or Reconsideration of Order Granting Plaintiffs' Motion for Sanctions and Motion for Order to Show Cause and Plaintiffs' Motion to Compel Better Response to Discovery Requests and Motion to Overrule Defendant's Objections to Discovery Requests (Doc. 95), construed as a Rule 72 objection, is **OVERRULED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 6, 2019.


ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record